IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 2 0 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RAYMOND B. ISAAC, | § | |
| a/k/a RAMON B. ISAAC, | § | |
| TDCJ-CID # 692378, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-04-3726 |
| v. | § | |
| | § | |
| GARY JOHNSON, *et al.,* | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Plaintiff Raymond B. Isaac, a/k/a Ramon B. Isaac, a state inmate proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983, complaining that for ten years, TDCJ has housed him in administrative segregation as a confirmed gang member, and denied him access to the TDCJ Gang Renunciation and Disassociation (GRAD) program because he is confined to a wheelchair. (Docket Entry No. 1). In compliance with this Court's order, the Office of the Attorney General submitted a *Martinez* report, and certified that a copy was served on plaintiff. (Docket Entry No. 23.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986).

Plaintiff contends that in 1995, TDCJ initially classified him as a member of a race-based gang, and assigned him to administrative segregation as a security threat. He claims that for ten years, TDCJ continued to mistakenly classify him as a gang member and house him in administrative segregation. He states that in January of 2001, a TDCJ official told him that all gang members were required to participate in the GRAD program for release

from administrative segregation, but that because the program was located on an upper floor without wheelchair access, he could not participate. Plaintiff asserts that due to his administrative segregation housing and gang classification, he cannot qualify for good time credits and early release.

Plaintiff was subsequently denied participation in the GRAD program because he refused to sign the required form renouncing gang affiliation. In April and May of 2004, plaintiff filed Step 1 and Step 2 grievances complaining that TDCJ misidentified him as a gang member, and that to sign the GRAD form would "plac[e] the life of the applicant in danger." (Docket Entry No. 1, Step 1 grievance exhibit.) TDCJ responded that he was a confirmed gang member, and that in order to be released from administrative segregation, he needed to proceed through the disassociation process. In his Step 2 grievance, plaintiff acknowledged that TDCJ policy required all security threat group members to sign a form renouncing gang membership, but stated that if he were to sign the form, it would not only put his life in danger, but constitute self-incrimination. (*Id.*, Step 2 grievance exhibit.) On May 26, 2004, TDCJ responded that, "Investigation reveals that your disassociation investigation has been completed and an Attachment B is forthcoming. Furthermore, if you are dissatisfied with the state classification committee's decision, you may appeal it through the director's review committee." Plaintiff has not attached as an exhibit to his pleadings the state classification committee's final decision, nor does plaintiff state that he has received such a decision or appealed any adverse decision to the director's review committee.

2

In its *Martinez* report, the Office of the Attorney General of Texas (the "State") acknowledges that plaintiff was classified as a confirmed member of the Mexican Mafia Security Threat Group in 1995, based on his own 1994 Acknowledgment of Gang Affiliation, his gang-related correspondence, and information from an outside law enforcement agency. (Docket Entry No. 23, p. 3; exhibits).  The State presents records demonstrating that on August 18, 2000, a disassociation investigation was undertaken which subsequently determined that plaintiff was still an active member of the Mexican Mafia.  The records further show that plaintiff's second renouncement and disassociation investigation was commenced on June 2, 2004, and is still in progress.  According to the report, the maximum length of time for completion of such investigation is two years.  (*Id.*)  The State's affidavit in the report, dated February 14, 2005, concludes that, "At the present time, Offender Isaac does not meet the criteria for acceptance into the GRAD process because the investigation has not been completed."

It is clear from plaintiff's own allegations that all security threat group members must sign the GRAD form renouncing gang affiliation in order to be released from administrative segregation, and that he has refused to sign the form.  Although plaintiff asserts that someone told him in January of 2001 that he could not participate in GRAD due to his wheelchair confinement, any civil rights claim arising from such statement was barred by limitations when plaintiff filed this lawsuit in September of 2004.  Plaintiff's complaint reflects that his participation in the GRAD program was declined in 2002 because he refused to sign the gang

3

renunciation form. The Court takes judicial notice of the *Martinez* report's conclusion that plaintiff's current 2004 disassociation investigation remains underway and that no decision has been reached.

Under 28 U.S.C. § 1915, the Court is required to dismiss the complaint if it is frivolous or malicious, or fails to state a claim on which relief may be granted. A claim may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992). In order to obtain relief under 42 U.S.C. § 1983, plaintiff must prove that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation of that right was committed by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff argues that TDCJ officials are using gang classification as a pretext to house him in administrative segregation, and are denying him his "liberty interests" in an early release date and removal from administrative segregation. Inmates have no protected property or liberty interest in custodial classifications. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The classification of inmates is left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 124, 125 (5th Cir. 1990). Plaintiff has alleged no protected liberty interest that was violated by his placement in administrative segregation because of his classification as a gang member. *See Velasquez v. Woods*, 329 F.3d 420, 421-22 (5th Cir. 2003); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996). Plaintiff's alleged loss of potential good time credit for future parole or early release does not implicate a

4

constitutionally protected liberty interest or right. *See Malchi v. Thaler*, 211 F.3d 953, 957, 959 (5th Cir. 2000).   To the extent plaintiff argues that his handicapped status requires his removal from administrative segregation without regard to gang affiliation, such argument likewise fails to raise an issue of constitutional dimension.

Accordingly, plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915 as frivolous for failure to state a claim upon which relief may be granted.   Any and all pending motions are **DENIED AS MOOT**.

**The Clerk is directed to provide copies of this Order to the parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.**

Signed at Houston, Texas, on this the _17th_ day of _June_____, 2005.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE